# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2274 | **DATE** | 4/6/2001 |
| **CASE TITLE** | USA ex rel. Christopher Garner vs. Blair Liebach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion for leave to file in forma pauperis is denied. The appropriate authorities at the Danville Correctional Center are ordered to remit the sum of $5, earmarked for payment in this case to the Clerk of Court. Both the Petition and this action are dismissed summarily in accordance with Section 2254 Rule 4.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | APR 10 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 4 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/9/2001 date mailed notice | |
| SN | courtroom deputy's initials | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. CHRISTOPHER GARNER )
#B-61089, )
                Petitioner, )
                 )
   v. )   No. 01 C 2274
                 )
BLAIR LIEBACH, Warden, )
                Respondent. )

APR 10 2001

## MEMORANDUM OPINION AND ORDER

Christopher Garner ("Garner") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254[1]--self-prepared in the sense that Garner has used the form provided by this District Court's Clerk's Office for such filings, has typewritten the appropriate insertions into that form and has attached various relevant exhibits dealing with his prior state court filings. Because "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")), this Court dismisses both the Petition and this action summarily (id.).

Before this opinion turns to that subject, however, the subject of Garner's failure to pay the filing fee should be addressed briefly. Although he has neither paid that fee nor

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

sought leave to proceed in forma pauperis, the modest $5 fee required for habeas petitions obviates any need for such action on his part. Instead this Court simply orders the appropriate authorities at the Danville Correctional Center (where Garner is now in custody) to remit the sum of $5, earmarked for payment in this Case No. 01 C 2274, to:

> Clerk, United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
> Attention: Fiscal Department

As for the Petition itself, both the allegations in Complaint ¶¶8 through 10 and the attached exhibits make it clear that Garner has "exhausted the remedies available in the courts of the State" as required by Section 2254(b)(1)(A)). But with that precondition having been established, there is no need for this opinion to set out Garner's several claims of alleged constitutional deprivation or for this Court to determine such matters as whether Garner has failed to meet the "cause and prejudice" requirements established by the caselaw. Instead Garner's problem is that the Petition has been filed well outside of the one-year limitation period prescribed in Section 2244(d)(1), even as extended by Section 2244(d)(2).

Among the exhibits to the Petition are three that reflect Garner's attempts to obtain post-conviction review and that bear directly upon the timeliness or untimeliness of his current Petition:

2

1. On January 9, 1998 the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, dismissed Garner's petition for post-conviction relief under 725 ILCS 5/122-2.1(a)(2) "as frivolous and patently without merit."

2. On February 2, 1999 the Illinois Appellate Court for the Second District (in its Case No. 2-98-0304) entered a summary order (a) granting the motion of the State Appellate Defender[2] to withdraw as counsel for Garner pursuant to the procedure set forth in Pennsylvania v. Finley, 481 U.S. 551 (1987) and (b) affirming the Circuit Court's order of dismissal.

3. On March 31, 2000 the Illinois Supreme Court (in its Case No. 10092) entered this one-sentence order rejecting Garner's motion for leave to appeal the Appellate Court's summary order of a year earlier:

> The motion by petitioner for leave to file a late petition for leave to appeal is denied.

Thus the Illinois Supreme Court dispatched Garner's belated attempt to continue his pursuit of a post-conviction remedy solely on the ground that it was indeed belated--out of time.

In that respect a unanimous United States Supreme Court

---

[2] Although Garner had handled his post-conviction petition pro se in the Circuit Court, the Appellate Court had appointed the Office of the State Appellate Defender to represent him on his appeal from the Circuit Court's dismissal order.

opinion in <u>Artuz v. Bennett</u>, 121 S.Ct. 361 (2000) has recently rejected the narrow reading that a number of Courts of Appeals had previously given to the concept of "properly filed" in considering whether state post-conviction applications did or did not extend the one-year limitation period via Section 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

But in the course of so doing, <u>Artuz</u>, <u>id</u>. at 364 n.2 issued a caveat as to the impact or lack of impact of that decision in a situation such as that presented here, where the concept of "a properly filed application" involves one that is flat-out late. And our Court of Appeals has made it plain in two post-<u>Artuz</u> decisions (<u>Outlaw v. Sternes</u>, 233 F.3d 453, 456 (7th Cir. 2000) and <u>Owens v. Boyd</u>, 235 F.3d 356, 357 (7th Cir. 2001)) that the dismissal of a state proceeding as untimely renders none of the time during its pendency excludable.

Accordingly the one-year clock began to tick on March 10, 1999 (immediately after the expiration of the 35-day period allowed by Ill. Sup. Ct. R. 315(b) to file a petition for leave to appeal the Appellate Court's February 2, 1999 dismissal order)--<u>Owens</u>, 235 F.3d at 357 so teaches. And that in turn means that Garner's current Petition is nearly a whole year too late. As stated at the outset, both the Petition and this action

4

are dismissed summarily in accordance with Section 2254 Rule 4.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 6, 2001